# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
JEANETTE PHILLIPS,  \*
  \*  No. 15-1118V
        Petitioner,  \*  Special Master Christian J. Moran
  \*
v.  \*  Filed: March 8, 2018
  \*
SECRETARY OF HEALTH  \*  Attorneys' fees & costs;
AND HUMAN SERVICES,  \*  waiver.
  \*
        Respondent.  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Joseph M. Pepper, Conway Homer, Boston, MA, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent;

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Jeanette Phillips filed a motion for attorneys' fees and costs. Ms. Phillips is awarded the full amount of her request, **$41,594.98**.

\*   \*   \*

Ms. Phillips alleged that an influenza vaccination caused her to suffer from an unspecified neurological injury. The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Ms. Phillip's compensation. Decision, issued July 28, 2017, 2017 WL

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

3599659.  With the merits of Ms. Phillips's case resolved, the parties addressed attorneys' fees and costs.

Ms. Phillips filed an attorneys' fees and costs petition on January 19, 2018, requesting $30,785.50 in fees and $10,809.48 in costs.  Ms. Phillips did not incur any costs personally.  Statement Regarding Gen. Order No. 9, filed Jan. 19, 2018.

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed Jan. 19, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  Id. at 3.

This matter is now ripe for adjudication.

*   *   *

Because Ms. Phillips received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

When the Secretary previously failed to object to the amount of the attorneys' fees and costs, the undersigned found that the Secretary waived any objection to the amount requested.  Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017).  While the Secretary did not file a motion for review in Swintosky, the Secretary has filed motions for review in subsequent cases that followed the same rationale as Swintosky.  See, e.g., Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, (Fed. Cl. Spec. Mstr. Dec. 18, 2017), mot. for rev. docketed (Jan. 16, 2018).  Appellate authorities will resolve these motions for review in due course.

The pendency of the motions for review in other cases is not directly relevant to the outcome in Ms. Phillips's case, especially because the Secretary has not presented the arguments that the Secretary is making in those cases in his response to Ms. Phillips's fee application.  However, two recent decisions reinforce the undersigned's earlier conclusion.

First, the United States Supreme Court recently confirmed the definition of "waiver."  Writing for a unanimous Court, Justice Ginsburg stated:  "The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. '[F]orfeiture is the failure to make the timely assertion of a right[;] waiver is the 'intentional relinquishment or abandonment of a known

2

right.'"  Hamer v. Neighborhood Housing Services of Chicago, ___ U.S. ___, 138 S.Ct. 13, 17 n.1 (2017), quoting United States v. Olano, 507 U. S. 725, 733 (1993).

If the difference between forfeiture and waiver is the actor's degree of intent (see Barna v. Bd. of Sch. Dirs. of the Panther Valley School Distr., 877 F.3d 136, 146-47 (3d Cir. 2017)), then the Supreme Court's definition of waiver appears to fit the circumstances here.  The Secretary knows that he has a right to interpose an objection to the amount of fees; for decades that was exactly what the Secretary did.  However, the Secretary also recently decided, for various reasons, to no longer exercise that right.  The Secretary's deliberate decision not to raise any specific objection to aspects of the fee application thus constitutes an "intentional relinquishment."[2]

Second, a recent Opinion and Order from a judge at the United States Court of Federal Claims illustrates the potential problems when special masters reduce requests for attorneys' fees sua sponte.  After the petitioners filed for attorneys' fees and costs, the respondent did not make any objection to the amount requested.  Nevertheless, the special master reduced the amount, finding some requested aspects unreasonable.  Kukreja v. Sec'y of Health & Human Servs., No. 14-104V, 2017 WL 5383097, at *2 (Fed. Cl. Spec. Mstr. Sep. 5, 2017).  In other words, the special master followed the practice the Secretary seems to be advocating.

The petitioners in Kukreja, however, did not agree that this approach was appropriate.  They first filed a motion for reconsideration with a request for supplemental fees that the special master denied entirely.  Kukreja v. Sec'y of Health & Human Servs., ___ Fed. Cl. ___, 2017 WL 6816747, at *1 (Dec. 22, 2017).  They then filed a motion for review that the Court granted in part and denied in part.  Id. at *6.  The Court awarded all the fees associated with the motion for reconsideration and the motion for review.  Id.

---

[2] Even if Secretary's failure to raise specific objections to the amounts requested in the fee application did not constitute a waiver, the Secretary's position would be a forfeiture.  As just mentioned, the Secretary, like any other litigant, has a right to object to the amount an opposing party requests in attorneys' fees and costs.  The Secretary did not timely assert that right.  Thus, the Secretary has forfeited any argument regarding the amount of fees.  See Prism Technologies LLC v. Sprint Spectrum L.P., 849 F.3d 1360, 1372-74 (Fed. Cir. 2017).

In awarding attorneys' fees for the motion for reconsideration, the Court determined that the petitioners should have had the opportunity to respond to the special master's initial reduction in fees. The Court explained:

> Because the government did not object to petitioners' fee application and because there was never any hearing on the question of fees and costs, the petitioners never had any opportunity to address any of the special master's concerns prior to his decision on fees. Moreover, it was not until the special master issued his order denying petitioners' motion for reconsideration that the special master offered a more detailed explanation of his reasoning. It therefore was reasonable for [the petitioners' attorney] to seek an opportunity to address the special master's concerns over the reasonableness of her fee application.

Id.

The Court's Opinion and Order in Kukreja effectively transforms the special master's initial decision into a brief from the Secretary to which the petitioners may respond through a motion for reconsideration. Upon the filing of such a motion for reconsideration, the special master would weigh the arguments petitioners raised against the determinations the special master made in his initial decision.

In Swintosky, the undersigned expressed concerns that "the Secretary's decision to refrain from identifying problems in a fee application alters the triangular relationship among petitioners, the Secretary, and special masters." 2017 WL 5899239, at *5. The Court's Opinion and Order in Kukreja deepen this concern. A way to ensure that each participant fulfills an independent role is to maintain a system in which either the Secretary raises any specific objections to the amount requested and the special master rules upon them or the Secretary is found to have intentionally relinquished a known right.

For these reasons, and those originally stated in Swintosky, the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. Phillips's request for attorneys' fees and costs is GRANTED IN FULL:

**A lump sum of $41,594.98 in the form of a check made payable to petitioner and petitioner's attorney, Ronald C. Homer.**

This amount represents reimbursement for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.